**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

   Plaintiff,

vs.                             No. CR 07-0158 JB

JUAN SORTO,

   Defendant.

**MEMORANDUM OPINION AND ORDER**

   **THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum and Motion for Downward Departure and Variance, filed July 13, 2007 (Doc. 30)("Motion"). The Court held a sentencing hearing on August 30, 2007 and March 3, 2008. The primary issues are: (i) whether the United States Probation Office ("USPO") has correctly noted in the Presentence Investigation Report ("PSR") that Defendant Juan Sorto was serving a term of probation at the time that he committed his federal crime and whether the PSR correctly calculated Sorto's criminal history category as V; (ii) whether the Court should depart downward based on U.S.S.G. § 5K2.0 for exposure to extreme violence; and (iii) whether the Court should depart downward based on U.S.S.G. § 5H1.6 for family ties and responsibilities. For the reasons stated at the hearing, and for reasons stated herein consistent with those already stated, the Court will overrule Sorto's objection to the PSR's calculation of his criminal history, because it finds that a Criminal History Category of V does not overstate Sorto's criminal history. The Court will deny Sorto's requests for downward departures based on exposure to extreme violence and family ties and responsibilities. Because Sorto withdrew his request for a variance from his Guideline sentence, the Court will not vary, and will sentence Sorto to fifteen months imprisonment, or time served, whichever is less.

**FACTUAL BACKGROUND**

Sorto was raised in El Salvador, which, at the time, was in a civil war. See Motion at 1. Guerillas murdered Sorto's eldest brother. See id. at 2-3. Sorto routinely observed children, women, and elderly persons being killed. See id. at 3. The guerillas' methodology was particularly brutal. See id. Sorto's counsel indicates that Sorto personally encountered victims whose extremities, tongues, ears, and heads were severed. See id. Sorto did not, however, relay to the USPO, in the presentence interview, the information regarding his brother's death or the traumatic events that Sorto experienced in El Salvador. See Addendum to the Presentence Report at 2, dated August 24, 2007 ("Addendum").

Sorto contends that he was convicted under California Vehicle Code §23152(a). See Motion at 7. His term of probation for that conviction expired on December 30, 2006. See Redisclosed Presentence Investigation Report ("PSR") ¶ 26, at 10, redisclosed on July 5, 2007.

**PROCEDURAL BACKGROUND**

The USPO's July 2, 2007 revision of its PSR adds 2 points to Sorto's criminal history category based on its determination that Sorto was serving a term of probation pursuant to California Municipal Court case number 1MT10076 at the time of the offense. See PSR ¶ 26, at 10. According to the USPO, on December 21, 2001, after being convicted of misdemeanor Driving under the Influence of Alcohol, Sorto was sentenced to sixty-months probation. See id. ¶ 24, at 9. Assuming the validity of such a sentence, Sorto would have been serving that term of probation on October 22, 2006, the date of his arrest on this offense. See id. ¶ 4, at 3. Pursuant to U.S.S.G. § 4A1.1(d), the USPO added 2 points to Sorto's criminal history, because Sorto committed the federal offense while under a criminal justice sentence. See Addendum at 2.

The United States has not submitted any objection to the PSR. On July 13, 2007, Sorto,

through counsel, filed a Sentencing Memorandum and Motion for Downward Departure and Variance. See Motion at 1.

On July 20, 2007, the USPO requested, in writing, automated court records from the Central District Metropolitan Courthouse in case number IMT10076. See Addendum at 1. The Central District Metropolitan Court indicated that, upon receipt of the request, it would be two weeks to a month until the USPO would receive the documents. See id. The Central District Metropolitan Court received the request on July 23, 2007. See id.

The USPO made contact with the prosecuting city attorney in California on August 16, 2007. See id. The city attorney advised that the state court sentenced Sorto to sixty-months probation in case number IMT10076, which is routine practice for second-and third-time DUI offenders. See id. She referred the United States Probation Officer to California Vehicle Code § 23600(b)(1); Conviction and Pronouncement of Sentence for Violations of § 23152 or § 23153. See Addendum at 2.

On August 24, 2007, the USPO disclosed an Addendum to the PSR. See Addendum at 5. According to automated court records that the USPO received from the Central District Metropolitan Courthouse on December 31, 2001, Sorto was sentenced to sixty-months probation and 150-days jail in case number IMT10076. See United States v. Sorto, No .CR07-0158 JB (D.N.M.), Transcript of Sentencing Hearing at 12:20-13:1(taken August 30, 2007) (Probation Officer).[1]

At the Court's first sentencing hearing in this matter on August 30, 2007, the Court indicated that it did not see how Sorto's experiences in El Salvador contributed to his criminal history, his

---

[1] The Court's citations to the transcript of the sentencing hearing in this case refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

child abuse, and his drug abuse.  The Court opined that it did not think Sorto provided a link between his sad background and his criminal history that warranted a departure or variance.  Sorto requested leave of the Court to submit a Court-sponsored mental evaluation to establish such a connection.  On February 27, 2008, Sorto submitted a psychological evaluation that Dr. Samuel Roll conducted of him.  See Notice of Submission of Psychological Evaluation, filed February 27, 2008 (Doc. 39).

## LAW REGARDING DOWNWARD DEPARTURES

While the Guideline sentence is now advisory, the sentencing court's first task remains to accurately determine the Guideline sentence.  Only after the court calculates the correct Guideline sentence can the Court make an informed decision whether a variance is appropriate.  Accordingly, the court must still carefully consider possible departures under the Guidelines before it can meaningfully decide a variance request.

### 1. Tragic or Violent Background and Assimilation to American Culture, U.S.S.G. § 5K2.0.

Courts have recognized that, if a defendant's upbringing has been uniquely tragic or violent, that background may provide a basis for a downward departure.  See Penry v. Lynaugh, 492 U.S. 302, 319 (1989)(noting that a defendant's background is relevant to sentencing because of society's long-held belief "that the defendants who commit criminal acts that are attributable to a disadvantaged background or to emotional or mental problems may be less culpable then defendants who have no such excuse."), abrogated on other grounds by Atkins v. Virginia, 536 U.S. 304 (2002); United States v. Lopez, 938 F.2d 1293, 1298 (D.C. Cir. 1991)(stating that "[i]t is undoubtedly true that individuals in certain social strata are apt to be exposed to far more violence and human ugliness than those who enjoy more privileged lives, but the court erred in concluding that all the experiences

he described as tragic fell within the rubric of socio-economic status.")(internal quotations omitted).

U.S.S.G. § 5K2.0 provides that, in relevant part: "This subpart . . . identifies some of the circumstances that the Commission may have not adequately taken into consideration in determining the applicable guideline range (e.g., as a specific offense characteristic or other adjustment). If any such circumstance is present in the case and has not adequately been taken into consideration in determining the applicable guideline range, a departure consistent with 18 U.S.C. § 3553(b) and the provisions of this subpart may be warranted."

### 2.     Family Ties & Responsibilities, U.S.S.G. § 5H1.6.

"Under U.S.S.G. § 5H1.6, . . . '[f]amily ties and responsibilities . . . are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range.' Family ties and responsibilities are specific offender characteristics, ordinarily a discouraged basis for departure." United States v. Jones, 158 F.3d 492, 499 (10th Cir. 1998)(quoting U.S.S.G. § 5H1.6). Although U.S.S.G. § 5K2.0 allows for departure based on this factor, it is only appropriate in atypical cases. See id. "When used as the sole basis for departure, family circumstances must be 'extraordinary.'" United States v. Jones, 158 F.3d at 499 (quoting United States v. Rodriguez-Velarde, 127 F.3d 966, 968-69 (10th Cir.1997)). "To warrant departure on this basis, a defendant must demonstrate that the period of incarceration set by the Guidelines would have an effect on the family or family members beyond the disruption to family and parental relationships that would be present in the usual case." United States v. Palma, 376 F.Supp.2d 1203, 1214 (D.N.M. 2005)(Browning, J.)(internal quotations omitted).

### 3.     Lesser Harms, U.S.S.G. § 5K2.11.

U.S.S.G. § 5K2.11 provides:

Sometimes, a defendant may commit a crime in order to avoid a perceived greater

-5-

harm. In such instances, a reduced sentence may be appropriate, provided that the circumstances significantly diminish society's interest in punishing the conduct, for example, in the case of a mercy killing. Where the interest in punishment or deterrence is not reduced, a reduction in sentence is not warranted. For example, providing defense secrets to a hostile power should receive no lesser punishment simply because the defendant believed that the government's policies were misdirected.

U.S.S.G. § 5K2.11.

## RELEVANT CALIFORNIA VEHICLE CODE

California Vehicle Code §23536(a) calls for a sentence of imprisonment of "no more than six months." Cal. Veh. Code §23536(a). Under California law, a sentence of probation may not exceed three years unless the maximum sentence for the underlying crimes exceeds three years. See Cal. Pen. Code §1203a. California Vehicle Code § 23600(b)(1), Conviction and Pronouncement of Sentence for Violations of § 23152 or § 23153, states:

> (b) If any person is convicted of a violation of Section § 23152 or § 23153 and is granted probation, the terms and conditions of probation shall include, but not be limited to, the following:
>
> (1) Notwithstanding Section 1203a of the Penal Code, a period of probation not less that three nor more than five years; provided, however, that if the maximum sentence provided for the offense may exceed five years in the state prison, the period during which the sentencing may be suspended and terms of probation enforced may be for a longer period than three years but may not succeed the maximum time for which sentence of imprisonment may be provided.

Cal. Veh. Code § 23600(b)(1).

## ANALYSIS

For the reasons stated at the hearing, and for reasons stated herein consistent with those already stated, the Court will overrule Sorto's objection to the PSR's calculation of his criminal history, because it finds that a Criminal History Category of V does not overstate Sorto's criminal history. The United States has proven the existence of Sorto's prior conviction by a preponderance

of the evidence, and Sorto has not disputed that he was convicted of the offense. The Court will deny Sorto's requests for downward departures based on exposure to extreme violence and family ties and responsibilities, because Sorto's circumstances do not place him outside of the heartland of cases considered by the Guidelines.

## I. THE USPO DID NOT MISCALCULATE SORTO'S CRIMINAL HISTORY CATEGORY.

Sorto's defense counsel objects to the addition of 2 criminal history points noted in paragraph 26 of the PSR, which is based on the USPO's determination that Sorto was serving a term of probation pursuant to California Municipal Court case number IMT10076. See Motion 7. Sorto contends that it is unclear how he could legally have been sentenced to sixty months of probation for a misdemeanor DUI conviction. See id. Sorto's counsel indicates that the state court could not have legally sentenced him to 60-months probation for a misdemeanor DUI conviction, because he was convicted under California Vehicle Code 23152(A). See Motion at 7. Sorto contends that, under California law, a sentence of probation may not exceed three years unless the maximum sentence for the underlying crime exceeds three years. See Motion at 7-8 (citing Cal. Pen. Code § 1203a).

Sorto contends that, based on the PSR, it appears that the conviction which gave rise to the 60-month sentence was for three misdemeanors. See id. Thus, Sorto argues, the maximum sentence of probation under § 23536 would have been thirty-six months. See id. Sorto argues that such a sentence would not have provided a basis for the 2 points that the USPO seeks to add to his criminal history. See id. Sorto submits that, accordingly, the Court should subtract these 2 criminal-history points from the USPO's criminal-history recommendation. See id. Such a reduction would result in 9 criminal-history points and a Criminal History Category of IV. See id.

From a careful review of the documents that the USPO has obtained, the Court agrees with the PSR that, at the time Sorto committed his federal offense, on October 22, 2006, he was serving a sixty-month probation term for DUI Alcohol/Drugs (Misdemeanor), as charged in case number IMT10076 in the Los Angeles Municipal Court, Los Angeles, California. See Addendum at 2. Apparently, it is a routine practice in the California court for a defendant to be sentenced to 60 months of probation for second and third-time DUI offenses. See Addendum at 1. California Vehicle Code § 23600(b)(1) provides:

> (b) If any person is convicted of a violation of Section 23152 or 23153 and is granted probation, the terms and conditions of probation shall include, but not be limited to, the following:
>
> (1) Notwithstanding Section 1203a of the Penal Code, a period of probation not less than three nor more than five years; provided, however, that if the maximum sentence provided for the offense may exceed five years in the state prison, the period during which the sentence may be suspended and terms of probation enforced may be for a longer period than three years but may not exceed the maximum time for which sentence of imprisonment may be pronounced.

Cal.Veh. Code § 23600(b)(1). Thus, the USPO correctly calculated Sorto's criminal history, because on October 22, 2006 Sorto was serving a 60-month term of probation that did not expire until December 30, 2006.

Pursuant to U.S.S.G. § 4A1.1(d), 2 points are added to a defendant's criminal history when he or she committed the offense while under a criminal justice sentence. See U.S.S.G. § 4A1.1(d) ("Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."). Moreover, the United States has proved the existence of Sorto's conviction by a preponderance of the evidence, and Sorto has not challenged his conviction for the previous offense. See United States v. Begay, No. CR 06-01442 JB, 2007 WL 505989 at * 3 (D.N.M. January 11,

-8-

2007)(Browning, J.)(stating that,"'[b]ecause Defendant did not argue that any persuasive contradictory evidence tended to show that he was not convicted of the crimes used to enhance his sentence, we conclude that the government has met its burden of showing the prior convictions by a preponderance of the evidence.'")(quoting United States v. Zuniga-Chavez, 464 F.3d 1199, 1205 (10th Cir. 2006)).

## II.  THE COURT WILL DENY SORTO'S MOTION FOR DOWNWARD DEPARTURES.

Sorto argues that his exposure to the horrors of war in El Salvador and the resulting trauma merit a downward departure from the adjusted guideline range.  It appears that Sorto's counsel is arguing that a departure is warranted pursuant to U.S.S.G. §5K2.0, because he was exposed to extreme violence as a child.

The problem with a focus on a particular life experience is that it would permit every defendant to distinguish himself from all others and this would undermine the purpose of the Guidelines.  The Court should thus focus upon the impact, not the details, of a given experience.  The appropriate consideration is the impact of Soto's particular experiences on his mental and emotional condition, and how these experiences effected the offense with which he is charged or his criminal history.

Moreover, there are many countries in the world to which Sorto could have fled to escape the war in El Salvador.  His choice to come to the United States was a conscious decision to violate the laws of this country.

Despite Dr. Roll's report, there is insufficient indication that Sorto is suffering from a mental or emotional condition.  The Court does not believe that there is sufficient connection between the events in El Salvador and Sorto's commission of the federal offense.  Accordingly, the Court does

not believe that a departure based on exposure to extreme violence is warranted under the facts and circumstances of Sorto's case.

The Court has studied the details of Sorto's upbringing in war-torn El Salvador. Sorto's upbringing was uniquely tragic and violent.

Nevertheless, although horrific, the tragedy and violence that surrounded him as a child and young adult, including the loss of his brother, do not place his situation and his case beyond the heartland of cases that federal courts encounter. While the Guidelines authorize a departure based on a tragic background, the Court does not believe that Sorto's situation warrants a departure. Many people come before the Court and establish that they have experienced horrible things in their lives. The issue is how those horrible experiences relate to the offense the defendant is charged with or the defendant's criminal history. The Court is not convinced that Sort's tragic past has much connection with this offense or his criminal history.

The Court also believes that the Guidelines authorize a departure for defendants who have family ties and responsibilities, for lesser harms, and for cultural assimilation. The Court understands Sorto's contention that his incarceration has and will adversely impact his family; however, the Court has seen this impact on many other defendants' families as a result of the defendants' incarceration. The Court has difficulty distinguishing Sorto's experiences from many other defendants, so it believes that Sorto's case fits within the heartland of cases contemplated by the Guidelines. The Court believes that, if it were to depart on these grounds, it would introduce disparities in sentencing among similarly situated defendants.

The Court will also not vary from Sorto's Guideline sentence. At the second sentencing hearing on March 3, 2008, Sorto's counsel indicated that "rather than argue in support of a variance at this [stage], [he] would just ask the Court to sentence Mr. Sorto to the lower end of the guideline

range." Transcript of Hearing (taken March 3, 2008) at 13:3-5 (Fine).  Thus, the Court will consider Sorto's request for a variance withdrawn.

**IT IS ORDERED** that the Defendant's objection to the Presentence Investigation Report is overruled, and that the Sentencing Memorandum and Motion for Downward Departure and Variance is denied.  Because Sorto withdrew his request for a variance from his Guideline sentence, the Court will not vary, and will sentence Sorto to 15-months imprisonment, or time served, whichever is less.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Norman Cairns
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Mark Fine
Fine Law Firm
Albuquerque, New Mexico

    *Attorneys for the Defendant*